United States Courts
Southern District of Texas
FILED
*September 20, 2023*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal No. **4:23-cr-00430** |
| § | |
| CYRUS KOUROSH BOUJABADI § | |
| EDWIN BALMORE GUTIERREZ § | |
| NICHOLAS JOHN DAWSON § | |
| KEVIN LEE HANSEN § | |
| JENNIFER HARRISON § | |

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **Count One**
(Conspiracy to Possess with Intent to Distribute Controlled Substances)

Beginning on or about April 30, 2019 and continuing until on or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, the below named defendants, knowingly and intentionally conspire and agree with each other and other persons known and unknown to the Grand Jury to possess with intent to distribute a mixture or substance containing a detectable amount of the controlled substances described below:

| Defendants | Controlled Substance | Quantity | Schedule |
|---|---|---|---|
| CYRUS KOUROSH BOUJABADI EDWIN BALMORE GUTIERREZ | Methamphetamine | 500 grams or more | II |
| NICHOLAS JOHN DAWSON KEVIN LEE HANSEN | Methamphetamine | 50 grams or more | II |
| | | | |
| CYRUS KOUROSH BOUJABADI EDWIN BALMORE GUTIERREZ | 3,4-Methylenedioxymethamphetamine ("MDMA") | A quantity | I |

1

| | | | |
|---|---|---|---|
| CYRUS KOUROSH BOUJABADI<br>NICHOLAS JOHN DAWSON<br>JENNIFER HARRISON | Dimethyltryptamine ("DMT") | A quantity | I |
| CYRUS KOUROSH BOUJABADI<br>KEVIN LEE HANSEN | Flualprazolam | A quantity | I |
| CYRUS KOUROSH BOUJABADI | Marijuana | 50 kilograms or less | I |
| CYRUS KOUROSH BOUJABADI<br>EDWIN BALMORE GUTIERREZ | Cocaine | 500 grams or less | II |
| CYRUS KOUROSH BOUJABADI | Psilocybin | A quantity | I |
| CYRUS KOUROSH BOUJABADI | 5-Meo-DBT | A quantity | I |

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), (B), (C), (D) and (E).

## Count Two
(Conspiracy to Import Dimethyltryptamine)

Beginning on or about January 3, 2019 and continuing until July 26, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JENNIFER HARRISON

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury to import into the United States of America from a place outside of the United States of America, to-wit: the United Mexican States, a quantity of dimethyltryptamine ("DMT"), a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 963, 952(a), 960(a)(1) and 960(b)(3).

## Count Three
(Conspiracy to Launder Monetary Instruments)

Beginning on or about April 30, 2019 and continuing until the return of this indictment, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
EDWIN BALMORE GUTIERREZ
NICHOLAS JOHN DAWSON
and
KEVIN LEE HANSEN

did knowingly and intentionally conspire and agree with each other and others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, § 1956, to-wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, possession with intent to distribute and conspiracy to possess with intent to distribute controlled substances in violation of Title 21, United States Code, §§ 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting or attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i).

## Count Four
(Possession with Intent to Distribute Methamphetamine)

On or about May 19, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendant

### CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 270 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Five
(Possession with Intent to Distribute Methamphetamine)

On or about June 21, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendant

### CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 230 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Six
(Possession with Intent to Distribute Methamphetamine)

On or about July 20, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 500 grams or more, that is, approximately 671 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## Count Seven
(Possession with Intent to Distribute Methamphetamine)

On or about August 17, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 500 grams or more, that is, approximately 1,860 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## Count Eight
(Laundering Monetary Instruments)

On or about October 27, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to-wit:

    a.    withdrawal of $190,000.00 from a financial institution account;

    b.    transfer of $190,000.00 between financial institution accounts; and

    c.    involved the purchase and transfer of title of real property.

which involved the proceeds of a specified unlawful activity, that is, conspiracy to possess with intent to distribute controlled substances in violation of Title 21, United States Code, § 846 and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, § 1956(a)(1)(B)(i) and Title 18, United States Code, § 2.

## Count Nine
(Possession with Intent to Distribute Methamphetamine)

On or about November 16, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 96 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

## Count Ten
(Possession with Intent to Distribute Methamphetamine)

On or about November 17, 2022, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and
EDWIN BALMORE GUTIERREZ

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 163 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

## Count Eleven
(Possession with Intent to Distribute Methamphetamine)

On or about January 3, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI<br>
and<br>
KEVIN LEE HANSEN

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 167 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Twelve
(Possession with Intent to Distribute Flualprazolam)

On or about January 3, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI<br>
and<br>
KEVIN LEE HANSEN

did knowingly and intentionally possess with intent to distribute a quantity of flualprazolam, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Thirteen
(Possession with Intent to Distribute MDMA)

On or about January 5, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI

and
EDWIN BALMORE GUTIERREZ

did knowingly and intentionally possess with intent to distribute a quantity of 3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Fourteen
(Possession with Intent to Distribute Methamphetamine)

On or about January 5, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and
NICHOLAS JOHN DAWSON

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 50 grams, that is, approximately 34 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Fifteen
(Possession with Intent to Distribute Methamphetamine)

On or about January 20, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and

EDWIN BALMORE GUTIERREZ

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 246 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Sixteen
(Possession with Intent to Distribute MDMA)

On or about January 20, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and
EDWIN BALMORE GUTIERREZ

did knowingly and intentionally possess with intent to distribute a quantity of 3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Seventeen
(Possession with Intent to Distribute Methamphetamine)

On or about March 2, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and
NICHOLAS JOHN DAWSON

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 50 grams, that is, approximately 34 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Eighteen
(Possession with Intent to Distribute Dimethyltryptamine)

On or about March 2, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and
NICHOLAS JOHN DAWSON

did knowingly and intentionally possess with intent to distribute a quantity of dimethyltryptamine ("DMT"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Nineteen
(Possession with Intent to Distribute Methamphetamine)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CYRUS KOUROSH BOUJABADI
and
EDWIN BALMORE GUTIERREZ

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 500 grams or more, that is, approximately 4,245 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## Count Twenty
(Possession with Intent to Distribute 5-Meo-DBT)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a quantity of 5-methoxy-1H-indol-3-yl)ethyl]butan-1-amine ("5-Meo-DBT"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## Count Twenty-One
(Possession with Intent to Distribute Marijuana)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 50 kilograms, that is, approximately 27

kilograms a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## Count Twenty-Two
(Possession with Intent to Distribute MDMA)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a quantity of 3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## Count Twenty-Three
(Possession with Intent to Distribute Psilocybin)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with the intent to distribute a quantity of psilocybin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## Count Twenty-Four
(Possession with Intent to Distribute Dimethyltryptamine)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a quantity of dimethyltryptamine ("DMT"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## Count Twenty-Five
(Possession with Intent to Distribute Cocaine)

On or about March 9, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 70 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Twenty-Six
(Laundering Monetary Instruments)

On or about March 20, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to-wit:

    a.    the withdrawal of $50,000.00 from a financial institution; and

    b.    the deposit of $50,000.00 into a financial institution;

which involved the proceeds of a specified unlawful activity, that is, conspiracy to possess with intent to distribute controlled substances in violation of Title 21, United States Code, § 846 and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, § 1956(a)(1)(B)(i) and Title 18, United States Code, § 2.

### Count Twenty-Seven
(Laundering Monetary Instruments)

On or about March 27, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CYRUS KOUROSH BOUJABADI

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to-wit:

    a.    the withdrawal of $39,910.45 from a financial institution; and

    b.    the deposit of $39,910.45 into a financial institution;

which involved the proceeds of a specified unlawful activity, that is, conspiracy to possess with intent to distribute controlled substances in violation of Title 21, United States Code, § 846 and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, § 1956(a)(1)(B)(i) and Title 18, United States Code, § 2.

### Count Twenty-Eight
(Importation of Dimethyltryptamine)

On or about March 31, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JENNIFER HARRISON

did knowingly and intentionally import into the United States of America from a place outside the United States of America, to-wit: the United Mexican States, a quantity of dimethyltryptamine ("DMT"), a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 952(a), 960(a)(1), 960(b)(3) and Title 18, United States Code, § 2.

## Count Twenty-Nine
(Importation of Dimethyltryptamine)

On or about July 26, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JENNIFER HARRISON

did knowingly and intentionally import into the United States of America from a place outside the United States of America, to-wit: the United Mexican States, a quantity of dimethyltryptamine ("DMT"), a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 952(a), 960(a)(1), 960(b)(3) and Title 18, United States Code, § 2.

## NOTICE OF CRIMINAL FORFEITURE
(Title 21, United States Code, § 853(a) and 970)

Pursuant to Title 21, United States Code, §§ 853(a) and 970, the United States of America gives notice to defendants, that upon conviction of a violation of Title 21, United States Code, §§ 841 and 846 and/or Title 21, United States Code, §§ 963 and 952(a) as charged in the Indictment, the following is subject to forfeiture:

1.) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

2.)     all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## NOTICE OF CRIMINAL FORFEITURE
(Title 18, United States Code, § 982(a)(1))

Pursuant to Title 18, United States Code, § 982(a)(1), the United States of America gives notice to defendants, that upon conviction of a violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 1956(h) as charged in the Indictment, all property, real or personal, involved in such money laundering offenses or traceable to such property, is subject to forfeiture.

## PROPERTY SUBJECT TO FORFEITURE

The property to be forfeited includes, but is not limited to, the following:

1.)     Real property, with improvements and appurtenances:

     a.)     Lying and being in the 4th Civil District of FENTRESS COUNTY, TENNESSEE, and being LOT #219 OF "WILDER MOUNTAIN, PHASE 6", being a development of J.J. DETWEILER ENTERPRISES, INC., and being depicted on a survey plat prepared by Christopher M. Vick, R.L.S. #2164, and being of record in Plat Book P5, Page 48, of the Register's Records for Fentress County, Tennessee, to which reference is here made for a complete description of the property.

     b.)     Lying and being in the 4th Civil District of FENTRESS COUNTY, TENNESSEE, and being LOT #220 OF "WILDER MOUNTAIN, PHASE 6", being a development of J.J. DETWEILER ENTERPRISES, INC., and being depicted on a survey plat prepared by Christopher M. Vick, R.L.S. #2164, and being of record in Plat Book P5, Page 48, of the Register's Records for Fentress County, Tennessee, to which reference is here made for a complete description of the property.

     c.)     Lying and being in the 4th Civil District of FENTRESS COUNTY, TENNESSEE, and being LOT #221 OF "WILDER MOUNTAIN, PHASE 6", being a development of J.J. DETWEILER

    ENTERPRISES, INC., and being depicted on a survey plat prepared by Christopher M. Vick, R.L.S. #2164, and being of record in Plat Book P5, Page 48, of the Register's Records for Fentress County, Tennessee, to which reference is here made for a complete description of the property.

3.)  Ethereum crypto currency wallets valued at approximately $55,260.00.

4.)  Bitcoin crypto currency wallet valued at approximately $31,386.82.

5.)  $19,216.00 in cash.

6.)  Glock 21 handgun with serial number CHX645US.

7.)  Smith &Wesson handgun with serial number RFS4845.

8.)  Sig Sauer P320 handgun with serial number 58J015050.

9.)  Rhino 60DS 357 Magnum revolver with serial number 19M00747.

10.)  Smith &Wesson Shield 30 handgun with serial number RFV3823.

11.)  Radical Firearms AR rifle with serial number 2-107164.

12.)  Anderson MFG rifle with serial number 19269447.

13.)  Beretta 1301 shotgun with no serial number

14.)  HTX AR pistol with serial number HTX0013.

15.)  CZ Scorpion EVO 3 S1 pistol with serial number D220238.

16.)  CMMG Banshee MK57 rifle with serial number BDB00077.

17.)  Magnum 7mm rifle with serial number FP01174.

18.)  Benelli M4 shotgun with serial number Y157142F.

19.)  Fierce Firearms rifle with serial number F01S07484.

20.)  2A Armament rifle with serial number BT-01510.

21.) Beretta A400 Xplor shotgun with serial number XA206468.

22.) Benelli Montefeltro shotgun with serial number N228416N.

## **MONEY JUDGMENT / SUBSTITUTE ASSESTS**

The defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

    a.) cannot be located upon the exercise of due diligence;

    b.) has been transferred or sold to, or deposited with, a third party;

    c.) has been placed beyond the jurisdiction of the court;

    d.) has been substantially diminished in value; or

    e.) has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, § 853(p), as incorporated by Title 28, United States Code, § 2461(c). The United States may seek the imposition of a money judgment.

A TRUE BILL

_Original Signature on File_
FOREPERSON

ALAMDAR S. HAMDANI
United States Attorney

_Anibal J. Alaniz_
Anibal J. Alaniz
Assistant United States Attorney

_Casey N. MacDonald_
Casey N. MacDonald
Assistant United States Attorney